UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SCOOTER LYNN ROBINSON                                                              PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 3:15CV263-TSL-RHW

NORRIS HOGANS et al                                                             DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Scooter Lynn Robinson, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging various causes of action relating to the conditions of his confinement. Doc. [1]. The first round of answers were filed on November 9 and 10, 2015. Doc. [26], [27] & [29]. On December 8, 2015, less than one month after the first answers, Plaintiff filed a pleading that he referred to as a motion for summary judgment. Doc. [41]. In the motion, he disputes the contentions asserted in Defendants' answers and he argues that he has stated constitutional claims with respect to lost property, failure to protect, and due process violations. Doc. [41]. Plaintiff also attached 56 pages of exhibits to the motion.

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most

favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

The undersigned recommends that Plaintiff's motion for summary judgment be denied, but without prejudice to re-urging the issues at a later, more appropriate time. Plaintiff's motion is premature. The Court has not fully screened the case pursuant to the provisions of 28 U.S.C. § 1915. The Court has not conducted a screening hearing or entered a scheduling order for discovery or dispositive motions. Several Defendants did not file answers until after the motion for summary judgment had been filed. Defendants have not had an opportunity to engage in discovery or to fully respond to the motion for summary judgment. Plaintiff's motion simply recapitulates arguments and allegations from his complaint without providing any citations to exhibits or affidavits that would demonstrate that there is no genuine issue of material fact as to the claims asserted in the motion for summary judgment.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff's [41] Motion for Summary Judgment be DENIED, but without prejudice as to Plaintiff reasserting the claims raised in the motion.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 19th day of May, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE