UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SCOOTER LYNN ROBINSON                                                      PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 3:15CV263-TSL-RHW

WARDEN NORRIS HOGANS et al                                               DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Scooter Lynn Robinson, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging, among other things, that Defendants failed to provide him with sanitary food. He alleges that food at East Mississippi Correctional Facility (EMCF) and later at Wilkinson County Correctional Facility (WCCF), made him sick. At some point later, Plaintiff was transferred to the Mississippi State Penitentiary (MSP). Plaintiff has filed a "Motion for Injunction Relief" requesting that he be transferred to another facility because of problems with the food at MSP. Doc. [74]. On December 5, 2016, Plaintiff filed a change of address that indicates he is now incarcerated at South Mississippi Correctional Institution (SMCI). Doc. [81].

The purpose of a temporary restraining order (TRO) or preliminary injunction is to protect against irreparable injury and preserve the status quo until the court renders a meaningful decision on the merits. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005)(citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). To obtain a preliminary injunction, plaintiff must show the following:

(1)     a substantial likelihood that plaintiff will prevail on the merits;

  (2) a substantial threat that irreparable injury will result if the injunction is not granted;
  (3) that the threatened injury outweighs the threatened harm to defendant; and
  (4) that granting the preliminary injunction will not disserve the public interest.

*Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "Plaintiff bears the burden of persuasion on all four elements." *Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300, 303 (5th Cir. 1982). In considering these prerequisites the court must bear in mind that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. *Canal Authority*, 489 F.2d at 573. To obtain a temporary restraining order, one of the requirements is that the party seeking the TRO show that "immediate and irreparable injury, loss, or damage will result" to the party seeking the TRO. FED. R. CIV. P. Rule 65(b).

  In his complaint Plaintiff alleges that the food at EMCF and WCCF made him sick. The motion for injunction now complains about the food at MSP. Thus, the motion for injunction does not relate to the underlying facts or claims in Plaintiff's complaint because they are based on food issues at different prisons. Plaintiff's motion also fails to allege any particularized facts regarding the food at MSP. His two-page motion simply states that there are "problems with food at this facility"; therefore, he requests a transfer to another facility. He does not identify the nature of the problem, leaving the Court simply to speculate. The undersigned finds that Plaintiff has failed to carry the burden of persuasion for issuing an injunction. Furthermore, Plaintiff does not possess a constitutional right to be incarcerated at a prison facility of his choosing. *See Meachum v. Fano*, 427 U.S. 215, 224, 228 (1976); *Yates v. Stadler*, 217 F.3d 332, 334 (5th Cir. 2000). The location of Plaintiff's incarceration is a matter within the discretion of the MDOC.

This Court will not order a transfer for Plaintiff to another facility simply because he asks for it. Moreover, Plaintiff's subsequent transfer to SMCI renders moot the injunctive relief that he now seeks. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)("[t]he transfer of a prisoner out of an institution often will render his claims for injunctive relief moot."); *Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000); *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's [74] Motion for Injunction be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED, this the 8th day of December, 2016.

                                            /s/ *Robert H. Walker*
                                            ROBERT H. WALKER
                                            UNITED STATES MAGISTRATE JUDGE