UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SCOOTER LYNN ROBINSON

PLAINTIFF

VERSUS   CIVIL ACTION NO. 3:15CV263-TSL-RHW

WARDEN NORRIS HOGANS et al

DEFENDANTS

## **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Scooter Lynn Robinson, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging various claims relating to the conditions of his confinement. Doc. [1]. In conjunction with his lawsuit, Plaintiff filed on January 9, 2017, a motion for default judgment. Doc. [90]. He also filed on January 30, 2017, a motion for injunction. Doc. [91].

In the motion for default judgment, Plaintiff asserts that Defendants have not answered his complaint. Doc. [90]. A review of the docket and pleadings reveals that all Defendants who have been properly served have filed answers. Doc. [26] [29] [37] [57] & [66]. Accordingly, the undersigned finds that there is no basis for Plaintiff's motion for default.

In the motion for injunction, Plaintiff merely states that he filed this cause of action "so that he can be moved to Stone County Regional Correctional Facility, Marion County Regional Correctional Facility, Pearl River County Jail or Hancock County Justice Center." Doc. [91] at 1. Plaintiff does not possess a constitutional right to be incarcerated at a prison facility of his choosing. *See Meachum v. Fano*, 427 U.S. 215, 224, 228 (1976); *Yates v. Stadler*, 217 F.3d 332, 334 (5th Cir. 2000). The location of Plaintiff's incarceration is a matter within the discretion of the Mississippi Department of Corrections. This Court will not order a transfer for Plaintiff to

another facility simply because he asks for it.  Plaintiff fails to identify any valid basis for granting the injunctive relief requested in his motion.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's [90] Motion for Default Judgment and [91] Motion for Injunction be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 10th day of April, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE